A. J. HUGHES, *Appellee,* v. JOHN DELAUTRE, *Appellant.*

No. 16,521.

EJECTMENT—*Demurrer to Evidence.* In an action of ejectment a demurrer to the defendant's evidence was improperly sustained.

Appeal from Seward district court; WILLIAM H. THOMPSON, judge. Opinion filed May 7, 1910. Reversed.

·*Thomas A. Scates,* and *Albert Watkins,* for the appellant.

*J. P. McLaughlin,* and *C. G. Messerley,* for the appellee.

*Per Curiam:* This action was brought to recover two lots in Liberal. In 1901 the lots were owned by Hughes and his son-in-law, Naylor. Naylor gave a mortgage on his half to Beasley for $421. There is testimony that afterward, and before March 2, 1902, Hughes sold his half interest to Naylor. On that date Naylor sold the property to McMains, who gave a new mortgage on the whole to Beasley for $668.85. The mortgage covered $191.45 of debt belonging to Naylor, and this interest Naylor assigned to Hughes, who collected the money in August, 1903. When Naylor sold the property to McMains he surrendered possession of the same. In December, 1902, McMains sold the property to Delautre and Blake, and soon afterward Blake conveyed his interest to Delautre. Since that time Delautre has been in continuous possession of the property. The deeds from Hughes to Naylor and later from Naylor to McMains were not recorded, and it is claimed that they were lost. In 1908 Hughes obtained a warranty deed to the lots from Naylor and a quitclaim deed from McMains, and then brought this action. On the trial Hughes produced an abstract which it was admitted

showed the state of the record and the record title to the lots to be in Hughes. Delautre then offered evidence tending to show that Hughes had sold his interest to Naylor; of the sale of the property by Naylor to McMains, and of the mortgages mentioned; some evidence tending to show knowledge by Hughes of the transfers and the mortgage which purported to cover the whole property, as well as admissions and statements of his that he had formerly parted with his interest in the property, and also proof that Delautre had been in possession of the property for about five years and had paid the taxes on it, except for one year. The court sustained a demurrer to Delautre's evidence and gave judgment for Hughes. This was error.

While the legal title appeared to be in Hughes, there was evidence tending to show that Delautre was the equitable owner of at least one-half of the property and entitled to the possession of the same. The testimony tends to show that Hughes knew of all these transactions and transfers. If Naylor had not conveyed the lots to Hughes he could hardly have claimed ownership as against Delautre because his deed to McMains was not recorded, and from some of the testimony it appears that Hughes is in no better position, at least as to the half interest formerly owned by Naylor. He is bound to know that Delautre had been in possession of the property, paying taxes and claiming ownership for years before the transfer from Naylor to himself, and must be held to know what an inquiry would have disclosed. The testimony of appellant can not be ignored. It tended to show an interest and right of possession in himself, and a demurrer to his evidence should not have been sustained.

The judgment is reversed and the cause remanded for a new trial.